UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COLLEEN O'NEAL,

      Plaintiff,

v.                                    CASE No. 8:06-CV-1960-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security.[1]

      Defendant.

_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments.[2]  Because the decision of the Commissioner of Social Security is supported by substantial evidence, the decision will be affirmed.

I.

The plaintiff, who was forty-four years old at the time of the administrative hearing and who reached the tenth grade, has worked as a

_____

[1]Michael J. Astrue has become the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted as the defendant in this suit.

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

waitress, a key punch operator, and a motel desk clerk (Tr. 74-77). She filed a claim for supplemental security income payments, alleging that she became disabled due to diabetes, arthritis, osteoporosis, neuropathy in back and leg, and muscle spasms (Tr. 60). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff has a severe combination of the following impairments: insulin dependent diabetes mellitus, diabetic neuropathy, gastroesophageal reflux disease, and rheumatoid arthritis (Tr. 13). The law judge concluded that these impairments limited the plaintiff to light work (Tr. 14). The law judge determined that this limitation did not preclude the plaintiff from returning to past relevant work as a waitress, a key punch operator, and a desk clerk (Tr. 21). Accordingly, the law judge decided that the plaintiff is not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by

-2-

reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal: the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings."

Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff's challenges to the law judge's decision are based upon the theme that the law judge failed to develop the record in this case

-4-

fully and adequately (Doc. 22, p. 7). In general, a law judge has a basic duty to develop the record fully and fairly even where, as here, the plaintiff is represented by counsel. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). This principle, however, is subject to limitations and exceptions, as will be explained later. Moreover, this broad principle does not provide the governing standard for several of the plaintiff's contentions as to which the regulations and Eleventh Circuit decisions set forth specific dispositive tenets. Consequently, the plaintiff's thematic approach is unpersuasive.

The plaintiff essentially contends, first, that the law judge erred in finding that the plaintiff's depression was a nonsevere impairment. The court of appeals has stated that "an impairment can be considered as 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984).

The law judge specifically considered the plaintiff's allegation of depression (Tr. 14, 21), but did not find that condition to be severe (see

Tr. 13).   Moreover, the law judge explained his determination of the

minimal degree of the plaintiff's depression as follows (Tr. 21):

> [T]he claimant has alleged significant depression
> but has not pursued mental health care. Limited
> mental status examinations have revealed the
> claimant to be oriented, logical, have adequate
> memory and concentration.   She has been
> described as having good hygiene and an adequate
> historian.  As stated above, the undersigned has
> found the claimant to have a mild limitation in
> activities of daily living, no limitation in social
> functioning and a mild limitation in concentration,
> persistence or pace.  She has not had any episodes
> of decompensation each of extended periods.
>
> For these reasons, to the extent that the claimant
> may have allege[d] such symptoms as would
> prevent her from performing the exertional
> requirements of light work, the Administrative Law
> Judge does not find such complaints are fully
> credible. The undersigned does not believe that the
> claimant's mild restriction of activities of daily
> living and in concentration, persistence or pace
> would significantly limit the claimant's
> occupational base.

This explanation is adequate and reasonable.  As the law judge

indicated, the plaintiff has not pursued mental health care, thereby indicating

that she did not believe that she had a significant mental health problem.

Furthermore, there, obviously, are no reports from treating mental health

experts. While there was a report from a consulting psychologist (Tr. 256). that report is not inconsistent with the law judge's determination that the plaintiff's depression is a nonsevere impairment. In fact. the psychologist stated that "most of this claimant's difficulties with working seem to be related to her physical difficulties" (Tr. 258).

In addition. two nonexamining. reviewing psychologists opined that the plaintiff's mental impairment was nonsevere (Tr. 268. 297). Moreover, one of the psychologists stated that there was "no evidence of significant functional limits due to mental" (Tr. 280). The other said that "[f]rom a mental standpoint this person is able to understand and remember instructions, complete tasks with adequate persistence and pace. work a regular schedule. [and] be socially appropriate and cooperative" (Tr. 309).

In sum. there is substantial evidence supporting the conclusion that the plaintiff's depression is a nonsevere impairment. The evidence certainly does not compel a conclusion that the plaintiff has a severe mental impairment.

The plaintiff states that her second and third contentions of a failure to develop the record concern her past relevant work of waitress. key punch operator. and desk clerk (Doc. 22. pp. 9-10). The plaintiff argues that

-7-

the law judge failed adequately to develop the record on the issue of previous work. This argument fails, however, in the face of the overriding principle that the plaintiff has the burden of showing that she cannot perform past relevant work. <u>Barnes</u> v. <u>Sullivan</u>, 932 F.2d 1356, 1359 (11th Cir. 1991).

The plaintiff, despite being represented at the hearing by an attorney and despite being faced with a well-established burden to show her previous jobs are not past relevant work, made no attempt to carry her burden. Consequently, she now simply raises questions about the pertinent issues and asserts that the law judge failed to develop the evidence on those issues. That approach will not suffice because there was sufficient evidence in the record to permit the law judge reasonably to conclude that at least the jobs of waitress and key punch operator qualified as past relevant work.

For a job to constitute past relevant work under the regulations, it must have been done within the last fifteen years; it was done long enough for the plaintiff to learn to do it; and it was substantial, gainful activity. 20 C.F.R. 416.965(a). According to the plaintiff, the fifteen-year period runs from the date of the initial denial on August 8, 2003, and extends back to August 1988. This would appear to eliminate the desk clerk job as past

relevant work, since that was not listed as a job that took place within the pertinent fifteen-year period (Tr. 61; see also Tr. 73).

The plaintiff asserts further that it is unclear from the forms submitted by the plaintiff whether the job of key punch operator extended beyond August 1988 (id.). Moreover, that matter was not clarified by her testimony. Nevertheless, the plaintiff's earnings records permit a reasonable conclusion that the key punch operator job extended into the beginning of 1989. Thus, the plaintiff reported income for 1988 and into 1989 (Tr. 54). Significantly, there is no indication that the plaintiff had any job besides that of key punch operator during that period. Consequently, it is reasonable to conclude that the job of key punch operator extended beyond August 1988, and thus falls within the fifteen-year requirement for past relevant work. The plaintiff certainly did not carry her burden to show otherwise.

The validity of this analytical approach is shown by Barnes v. Sullivan, supra. There, as here, the issue was whether a particular job (sewing machine operator) came within the fifteen-year window. The law judge had not analyzed the applicability of the plaintiff's work experience under the regulation containing the fifteen-year limitation. Nevertheless, the court, extrapolating from information in the record, including the age of the

plaintiff's eldest child, determined that the law judge could have reasonably concluded that the job had been performed within the pertinent fifteen-year period. The court added that the conclusion was bolstered by the fact that the plaintiff had the burden of proving that she could not return to her previous work and that she had failed to offer any such evidence at the hearing.

Barnes establishes that it is proper to conclude that in this case the law judge could have reasonably determined that the plaintiff's job of key punch operator extended beyond August 1988. Thus, that job constitutes past relevant work.

There is no issue concerning the timing of the job of waitress. That occurred in 1996-97 (Tr. 61; see also Tr. 54). The plaintiff, however, may be questioning whether that job constituted substantial gainful activity (see Doc. 22, p. 10). The plaintiff states that the earnings for 1996-97 "may or may not reach the level of substantial gainful activity" (id.). That contention is insufficient because of the plaintiff's burden to show that she cannot return to past work. If the work may constitute substantial gainful activity, Barnes demonstrates that the law judge could reasonably conclude that the job did involve substantial gainful activity.

The plaintiff indicated that she worked at the job six to eight hours per day, five days per week (Tr. 74; see also Tr. 61). Further, her rate of pay was variously stated as $3.00 per hour and $2.10 per hour (id.). Moreover, the law judge could reasonably conclude that the hourly wage was significantly augmented by tips, so that the earnings record understated her income (Tr. 54). Under these circumstances, and in the absence of any evidence from the plaintiff, the law judge could reasonably find that the plaintiff's job as a waitress constituted substantial gainful activity.

For these reasons, the plaintiff's jobs as waitress and key punch operator are past relevant work.

The plaintiff contends further that the law judge failed to evaluate the demands of the plaintiff's prior work (Doc. 22, pp. 10-11). To reiterate, it was the plaintiff's burden to show she could not perform the duties of her prior jobs of key punch operator and waitress.

The record contains descriptions of the two jobs as the plaintiff performed them (Tr. 74-76). While it would appear that the plaintiff would be unable to perform the job of key punch operator at one of the places she was employed due to lifting requirements (Tr. 75), she would be able to

perform that job as she carried it out at another employer (Tr. 76), and also could perform the job of waitress (Tr. 74).

In any event, the law judge specifically referred to the Dictionary of Occupational Titles ("DOT") as evidence of how those jobs are performed in the national economy (Tr. 21-22). See Jackson v. Bowen, 801 F.2d 1291 (11ᵗʰ Cir. 1986). He found that "[t]his work does not require the performance of work-related activities precluded by the claimant's residual functional capacity" (Tr. 21-22). The plaintiff has made no attempt to show that the jobs of key punch operator and waitress as described in the DOT are inconsistent with her residual functional capacity. The DOT therefore provides substantial evidence supporting the finding that the plaintiff could perform past relevant work as a key punch operator and waitress. Fries v. Commissioner of Social Security, 2006 WL 2640727 *4 (11ᵗʰ Cir. 2006)(unpub. dec.).

The plaintiff also argues that the law judge's credibility determination was inadequate. This argument is meritless.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective symptoms. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11ᵗʰ Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11ᵗʰ Cir. 1986), the pain standard "required

evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

If the law judge determines that, under this test, the complaints of pain are not supported by the objectively determined medical condition, then the subjective complaints cannot be the basis for a finding of disability and the law judge need not assess the credibility of the complaints of pain. He must, however, provide an adequate explanation for the determination in order to permit, upon judicial review, an assessment whether the proper standard was applied and whether the finding is supported by substantial evidence. See, e.g., Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987); Johns v. Bowen, 821 F.2d 551, 556 (11th Cir. 1987).

If, on the other hand, the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985). In other words, this credibility finding must be

-13-

adequately explained.  Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir.
1988).

       Applying this standard, the law judge found "that the claimant's
medically determinable impairments could reasonably be expected to produce
the alleged symptoms, but that the claimant's statements concerning the
intensity, duration and limiting effects of these symptoms are not entirely
credible" (Tr. 20).  The law judge then proceeded to explain at length his
reasoning for this finding (Tr. 20-21).  Typically, I would copy the credibility
determination to demonstrate whether or not it was adequate.  In this case, the
law judge's explanation is simply too long to copy.  Suffice it to say, the
explanation is both adequate and reasonable.  Moreover, it amply supports the
law judge's conclusion that, "to the extent that the claimant may have
allege[d] such symptoms as would prevent her from performing the exertional
requirements of light work, the Administrative Law Judge does not find such
complaints are fully credible" (Tr. 21).

       Finally, returning to the theme of a failure to develop the record,
the plaintiff speculates that certain additional information may have led to a
different result.  Particularly in light of the plaintiff's burden to prove that she
is disabled, such speculation does not justify a remand.

-14-

As indicated at the outset, the duty to develop the record is subject to exceptions and limitations. The duty to develop the record applies to the twelve months preceding the filing of the application, so that the law judge (assuming no special duty due to lack of counsel) is not bound to develop the record for the period after the filing of the application, since that is the plaintiff's burden.  Ellison v. Barnhart, supra, 355 F.3d at 1276; McCloud v. Barnhart, 2006 WL 177576 at *6 (11th Cir. 2006)(unpub. dec.). Furthermore, even where there is a duty, a remand is not warranted unless the plaintiff can demonstrate evidentiary gaps in the record which have resulted in prejudice.  Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir. 1997).

The plaintiff contends that the law judge failed to develop the plaintiff's past relationships with the Social Security Administration.  In this respect, the plaintiff asserts that "[t]he ramifications of such may have affected the degree of credibility afforded to the [p]laintiff's assertions, and an evaluation of potentially important evidence affecting the relevant time period of this claim" (Doc. 22, p. 12).

With regard to credibility, the plaintiff said that she had previously been awarded benefits, but that they were terminated due to a fugitive felony warrant. The plaintiff suggests that, because the record does

-15-

not contain the documents reflecting an award, the law judge may have considered this against her in evaluating her credibility. There is no basis for this suggestion. The law judge's decision is devoid of any indication that the law judge considered the plaintiff's statement about a prior award against her in assessing her credibility (see Tr. 20-21).

Further, there is no support for the plaintiff's speculation that earlier records would have a direct bearing on the plaintiff's claim. The plaintiff certainly has not pointed to any such evidence (see Doc. 22, p. 13). Moreover, the record does not contain any evidentiary gaps concerning the pertinent period. Therefore, there has been no showing of prejudice and a remand is not warranted. Graham v. Apfel, supra.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this _14th_ day of

March, 2008.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE